# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ABDUL LOVE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−2000−NJR |
| MEYERS,<br>LARUE LOVE,<br>SCOTT THOMPSON,<br>CHRISTINA BROWN,<br>JOHN BALDWIN,<br>WEXFORD HEALTH SOURCES, and<br>JANE AND JOHN DOES, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Abdul Love, an inmate of the Illinois Department of Corrections who is currently incarcerated in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff transferred from Danville Correctional Center to Pinckneyville Correctional Center on May 16, 2018. (Doc. 1, p. 5). Plaintiff alleges that since arriving at Pinckneyville, medical staff there, including Jane Doe #1, Meyer, Love, Thompson, and Jane Doe #2, have been deliberately indifferent to his Crohn's disease, which causes daily bloody bowel movements, severe stomach cramps, gas, bloating, diarrhea, and fecal incontinence. (Doc. 1, pp. 5-15). Specifically, Defendants have failed to timely schedule medical visits, failed to timely refer him to specialists, persisted in a course of treatment known to be ineffective, failed to follow a specialist's recommendations, offered no treatment at all, and/or condoned such behavior. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

**Count 1:** Jane Does #1-2, Meyer, Love, Thompson, and Baldwin were deliberately indifferent to Plaintiff's Crohn's disease in violation of the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has adequately alleged that Jane Does #1-2, Love, Thompson, and Meyer were deliberately indifferent to his Crohn's disease, and this case will proceed against them. But his allegations as to other defendants are more problematic. First, he has named Christina Brown as a defendant, but the Complaint lacks factual allegations against her. Plaintiff alleges that he wrote

3

to Brown on October 5, 2018, a week and a half prior to filing the Complaint,[2] but he does not provide any facts about how she responded. (Doc. 1, p. 14) (Doc. 1-1, p. 26). While Plaintiff's allegation is sufficient to establish that Brown knew about his Crohn's disease, the mere fact that he wrote her a letter does not establish that Brown was deliberately indifferent to it. Without some facts alleging deliberate indifference (and not just knowledge), Plaintiff's claim against Brown fails. Accordingly, Brown will be dismissed from this action without prejudice.

Likewise, Plaintiff has named Wexford Health Sources as a defendant, but his allegations against them are similarly lacking. In order to state a claim against Wexford, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook Cty.*, 833 F.3d 728 (7th Cir. 2016). Plaintiff has not alleged that Wexford had an unconstitutional policy or custom. He has alleged that Meyers acted to benefit Wexford and referred to policies and customs generally. (Doc. 1, p. 20). But Plaintiff has not identified the specific policies or customs at issue or described them, and his allegations do not make it plausible that Wexford was the moving force behind Plaintiff's harm. Wexford cannot be held liable on respondeat superior grounds, *i.e.*, a plaintiff cannot recover against Wexford just because they employed the wrongdoer. Wexford also will be dismissed from this action without prejudice.

---

[2] Plaintiff attached a response from the Administrate Review Board regarding his grievances dated October 4, 2018, suggesting that even if Brown's conduct regarding Plaintiff's October 5, 2018 correspondence demonstrated deliberate indifference, Plaintiff has not exhausted his administrative remedies as to her.

Finally, Plaintiff has named numerous John and Jane Does: "various individuals employed by the Illinois Department of Corrections and Wexford Health Sources . . . [who] have various titles and responsibilities related to providing constitutionally adequate health care for the inmate population at Pinckneyville Correctional Center." (Doc. 1, p. 5). Although the description is broad, Plaintiff's statement of facts refers to only two Jane Doe defendants: the intake nurse Plaintiff saw upon arrival at Pinckneyville on May 16, 2018, and a nurse he saw on September 12, 2018. (Doc. 1, pp. 5-6, 11). Plaintiff's allegations are only sufficient as to the two mentioned Jane Does. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). To the extent that "John and Jane Does" encompasses other Pinckneyville staff members, the Court finds that Plaintiff's allegations against those staff members are too vague. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). The Clerk of Court is therefore directed to terminate "John and Jane Does" from the docket and replace that entry with "Jane Doe 1" and "Jane Doe 2." If Plaintiff wishes to include additional unknown defendants in this lawsuit, he should file an amended complaint connecting them to specific acts.

Plaintiff has also named all defendants in their individual and official capacities. Individuals are not "persons" in their official capacities under Section 1983 for the purposes of this suit. Plaintiff can only bring claims against individuals who were personally involved in the deprivation of which he complains. There is no supervisory liability in a Section 1983 action; thus, to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Thus, to the extent that Plaintiff has

attempted to bring claims against any defendant in his or her official capacity, those claims must be dismissed, with two exceptions.

The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In that case, a plaintiff need not allege any specific involvement, and it is irrelevant whether the party participated in the alleged violations. *Id.* (citing *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir. 1995); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985)). Plaintiff has requested injunctive relief in this suit, and accordingly, Warden Scott Thompson is an appropriate defendant to carry out that request. Plaintiff's litigation history also makes it clear that he has brought similar claims at other prisons throughout the state and beyond this district. Therefore, the Court finds that John Baldwin is an appropriate defendant in his official capacity because Baldwin has the authority to ensure that Plaintiff receives any required medical care, regardless of his current prison placement. Plaintiff has not alleged that Baldwin was personally involved in the events he complains of, and so this suit proceeds against Baldwin in his official capacity only and against Thompson in his official and individual capacities. Plaintiff's official capacity claims are dismissed as to all other defendants.

### Pending Motions

Plaintiff has requested both injunctive relief and a preliminary injunction as part of his Complaint. Accordingly, the Clerk is **DIRECTED** to add a Motion for Preliminary Injunction, based on Plaintiff's request for this relief in the Complaint. (Doc. 1, p. 22). The Court notes, however, that Plaintiff did not file a separate motion in support of the request or set forth the reasons he is entitled to relief under Rule 65(a) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction

within 30 days (on or before **January 14, 2019**). Failure to do so will result in denial of the motion without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Jane Does #1-2, Meyer, Love, Thompson, and Baldwin. Brown and Wexford are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate "John and Jane Does" and replace that entry with "Jane Doe 1" and "Jane Doe 2." The Clerk of Court is further **DIRECTED** to docket a motion for preliminary injunction.

As to **COUNT 1,** Plaintiff has been denied leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants **Meyer, Love, Thompson, and Baldwin**. However, if Plaintiff desires to request the appointment of the United States Marshals to serve process on these Defendants, **IT IS ORDERED** that Plaintiff **SHALL FILE** a Motion for Service of Process at Government Expense, within 30 days (on or before **January 14, 2019**). The Clerk of Court is **DIRECTED** to send Plaintiff a blank form Motion for Service of Process at Government Expense.

If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have Defendants Meyer, Love, and Thompson served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.[3] Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for each

---

[3] Federal Rule of Civil Procedure 4(m) provides that service on each defendant must be accomplished within 90 days.

7

Defendant, and shall forward the same to the United States Marshal for service. If Plaintiff does not file a motion for service of process at government expense as ordered, the Clerk shall then prepare a summons for each Defendant and forward the summonses and sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Service shall not be made on the Unknown (John Doe) Defendants until Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on the motion for a preliminary injunction and a plan for discovery aimed at identifying the unknown defendants with particularity.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/14/2018**

>	_____
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**

## Notice to Plaintiff

After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court**.