IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABDUL LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-2000-NJR-RJD |
| | ) |
| PERCY MYERS, LARUE LOVE, | ) |
| CHRISTOPHER THOMPSON, JOHN | ) |
| BALDWIN, and JANE DOES 1 AND 2, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Abdul Love, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). More specifically, Plaintiff alleges he was provided inadequate medical treatment for his Crohn's disease. Following a threshold review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Jane Does #1-2, Dr. Percy Myers, LaRue Love, and Christopher Thompson. Defendant Baldwin was named as a defendant only in his official capacity for purposes of injunctive relief.

Plaintiff filed a proposed First Amended Complaint on February 15, 2019 that is construed as a motion to amend the complaint (Doc. 26). For the reasons set forth below, the Motion is **GRANTED**.

Although Plaintiff has not specifically identified the changes he is attempting to effectuate with his First Amended Complaint, a review of the same indicates he is attempting to revive the

claims against Christine Brown and Wexford Health Sources, Inc. that were dismissed without prejudice at screening. It also appears Plaintiff is dismissing his claims against Jane Does 1 and 2 as they are no longer mentioned in the caption of his First Amended Complaint[1] or in the designation of "Defendants" in the body of his Complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

At the outset, the Court finds that Plaintiff's motion to amend was not unduly delayed and will not unfairly prejudice defendants as this matter is in the initial stages and discovery on the merits has not yet commenced.

Plaintiff again seeks to name Christine Brown as a defendant. Plaintiff alleges that he

---

[1] When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

wrote Brown, a nurse and the Pinckneyville Healthcare Unit Administrator, on October 5, 2018, explaining Dr. Myers' continued disregard for the course of treatment prescribed by his outside physician. Plaintiff asked for her assistance in rectifying the issue. Plaintiff alleges that Brown never responded to his October 5, 2018 letter. Although sparse, Plaintiff's allegations are sufficient at this stage to state a claim for deliberate indifference against Christine Brown in light of *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), in which the Seventh Circuit found that a plaintiff alleging defendants obtained actual knowledge of the plaintiff's serious medical condition and inadequate medical care through various correspondence and who failed to intervene or rectify the situation stated an Eighth Amendment claim. *Id.* at 782.

In support of his proposed claim against Wexford, Plaintiff alleges that it had a practice of hiring under-qualified physicians with inadequate credentials. Plaintiff claims that this practice contributed to his injuries. Although the connection between Wexford's alleged unconstitutional policy concerning hiring and Plaintiff's claims of inadequate medical treatment is tenuous, the Court finds Plaintiff has stated a viable policy and practice claim against Wexford. The Court notes, however, that Plaintiff's general reference to Wexford's policies related to its peer review process, chronic care, medical records, and specialty consultations do not support a deliberate indifference claim against Wexford as they were not pled with any particularity.

Based on the foregoing, Plaintiff's motion to amend (Doc. 26) is **GRANTED**. Plaintiff shall be allowed to amend his complaint to proceed on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties form the remainder of this litigation):

> Count One: Eighth Amendment deliberate indifference claim against Dr. Percy Myers, Larue Love, Christopher Thompson (in his individual and official capacities), and Christine Brown for failing to adequately treat Plaintiff's

> Crohn's disease.

> Count Two: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for hiring underqualified physicians.

Defendant John Baldwin remains a defendant in his official capacity for purposes of carrying out any ordered injunctive relief.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed first amended complaint as the First Amended Complaint. The Court notes that although the entirety of Plaintiff's first amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendants Christine Brown and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: May 20, 2019**

            *s/ Reona J. Daly*
            **Hon. Reona J. Daly**
            **United States Magistrate Judge**