IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABDUL LOVE, <br><br> **Plaintiff,** <br><br> v. <br><br> PERCY MYERS and ROB JEFFREYS (official capacity only), <br><br> **Defendants.** | Case No. 18-cv-2000-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Abdul Love, an inmate of the Illinois Department of Corrections ("IDOC") who at all times relevant to this case was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), seeks monetary damages and injunctive relief for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After summary judgment, the only claim remaining is an Eighth Amendment deliberate indifference claim against Dr. Percy Myers for failing to adequately treat Love's Crohn's disease (Doc. 147). To the extent that Love seeks injunctive relief, Rob Jeffreys also remains in the case (in his official capacity only).

This matter is before the Court on Dr. Myers's motion to reconsider (Doc. 150). Dr. Myers argues that the Court was wrong in denying his summary judgment motion because the Court previously found that Love had not demonstrated a likelihood of success on his claim when he sought a preliminary injunction. Love filed a response in

opposition to the motion (Doc. 161). Dr. Myers filed a reply (Doc. 162).

## BACKGROUND

Love's only remaining claim is Count 1 against Dr. Myers which alleges an Eighth Amendment deliberate indifference claim for failing to adequately treat Love's Crohn's disease. At the summary judgment stage, the Court found that there were issues of material fact which precluded summary judgment (Doc. 147, pp. 10-11). Specifically, there were disputes of fact as to whether Love was compliant with his treatment but still had symptoms. The Court found that if a jury believed Love's testimony, then Dr. Myers's decision to cancel Love's appointment with a specialist could amount to deliberate indifference (*Id*. at p. 11). Further, there was evidence in the record that although a normal course of mesalamine enemas last several weeks, Dr. Myers continued on the enema course for six months and delayed prescribing Love Imuran. This was despite a recommendation by Dr. Bozdech, a specialist Love saw in July 2017, to prescribe a different medication if mesalamine enemas did not put Love's condition into remission (*Id*. at p. 11). The Court found that such evidence could lead a jury to find Dr. Myers acted with deliberate indifference. Thus, the Court found that Dr. Myers was not entitled to summary judgment.

Dr. Myers filed a motion to reconsider, arguing that the Court was incorrect in finding that there were issues of fact from which a jury could find deliberate indifference. Specifically, Dr. Myers noted that the Court previously denied Love's preliminary injunction motion in May 2019 because, at the time, Love could not show a reasonable likelihood of success on his deliberate indifference claim (Doc. 62). The Court noted that

Dr. Myers had not continued in an ineffective course of treatment because he had prescribed the medication that Love sought in his Complaint (Doc. 62, p. 7). Dr. Myers argues that, since the denial of Love's preliminary injunction motion, he failed to offer any new evidence to demonstrate that Dr. Myers acted with deliberate indifference in treating his condition. Dr. Myers also argues that, in denying the summary judgment motion, the Court may not have reviewed Dr. Myers's reasoning for his medical decision and misread Dr. Bozdech's recommendations.

## LEGAL STANDARDS

Dr. Myers brings his motion to reconsider under both Federal Rule of Civil Procedure 59(e) and 54(b). The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. *See Hope v. United States*, 43 F.3d 1140, 1142, n. 2 (7th Cir.1994) (stating that "strictly speaking" a motion for reconsideration does not exist under the Federal Rules of Civil Procedure). A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th

Cir. 2008) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 59(e) is a tool for amending judgments and a partial summary judgment, like the one in this case, is not a final judgment. *See Minority Policy Officers Ass'n of South Bend v. City of South Bend, Ind.*, 721 F.2d 197 (7th Cir. 1983); *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 990 F.2d 342, 346 (7th Cir. 1993) ("[T]he district court's 'partial summary judgment' was not subject to the strictures of Rule 59(e)."). Thus, Dr. Myers properly raises his motion under Federal Rule of Civil Procedure 54(b), which provides that an order that does not adjudicate all the claims "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion under Rule 54(b) is appropriate only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[,]" or when there has been significant changes to the law or facts of the case. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

## ANALYSIS

Simply put, the Court does not find any mistake of law or fact in denying Dr. Myers's motion for summary judgment. Dr. Myers takes issue with two determinations by the Court: that there was a dispute of fact as to whether Dr. Myers improperly cancelled Love's follow-up with a gastroenterologist and whether he improperly continued with a course of mesalamine enemas. Dr. Myers argues that the Court previously found that Love failed to present evidence of deliberate indifference in

denying his motion for preliminary injunction, and that no additional evidence was presented that would change that previous finding. But Dr. Myers misreads the findings in the Court's previous Order. The Court found that Love could not show a reasonable likelihood of success on his deliberate indifference claim "at this point in the litigation" (Doc. 62, p. 7). Specially, this was because, prior to the hearing, Dr. Myers met with Love and discussed Dr. Bozdech's recommendations. He also started Love on a different medication, and Love testified that he felt better and that he had improved stools (*Id*. at p. 7). Thus, at the time of the evidentiary hearing, there was no evidence that Dr. Myers was currently being deliberately indifferent to Love's condition.

After the hearing, however, Love participated in a deposition and additional discovery was conducted. At the summary judgment stage, he was able to produce evidence, including testimony from his deposition, that a jury could find Dr. Myers acted with deliberate indifference. Although Dr. Myers argues that this Court should adopt its factual findings from the preliminary injunction Order and that it is the "law of the case," the Seventh Circuit has cautioned against adopting findings and conclusions from the preliminary injunction stage when ruling on a summary judgment motion. *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 292 (7th Cir. 1998).

> This caution is necessary for two reasons: first, findings of fact and conclusions of law made at the preliminary injunction stage are often based on incomplete evidence and a hurried consideration of the issues; and second, different standards apply in the two contexts (reasonable likelihood of success on an injunction, and the existence of any genuine issues of material fact on summary judgment).

*Id*. There is no error in adopting the findings at the preliminary injunction stage if "the

record as a whole supports the finding that there is no material issue of fact." *Communications Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202,1206 (7th Cir. 1985). The Court previously found that Love failed to demonstrate a reasonable likelihood of success on his injunction, but at summary judgment the Court must determine if there are any genuine issues of material fact. The Court found that there were genuine issues of material fact which prevented summary judgment.

Contrary to Dr. Myers's assertion that the Court did not consider his medical decisions and misread Dr. Bozdech's recommendation, the Court considered both of those issues in ruling on the summary judgment. But the Court found that Love's testimony about his compliance with the initial course of treatment and his continued symptoms created an issue of fact. The Court did not rely on an improper opinion of Love's, as Dr. Myers suggests, but relied on his testimony that he took the enemas as prescribed (Doc. 129-1, pp. 38-39, 40). Love testified that the records were wrong because the nurses reported that he flushed the enemas down the toilet (Doc. 129, p. 5), and he testified that he took the enemas in the shower area which had no access to a toilet (Doc. 129-1, p. 39). Thus, there was evidence in the record to suggest that the nursing notes were inaccurate. The Court also found evidence in the record that Dr. Myers continued with enemas for six months, well longer than he, himself, testified was typical (Doc. 129-2, p. 2). Further, the note from Dr. Bozdech indicated that Love should continue for two to four weeks, and if not effective, "the next step would be to place him on a more potent immunosuppressant" (Doc. 137, p. 82). Although Dr. Myers indicates that continuing with the enema treatment was appropriate because Love was noncompliant

with the treatment, there are disputes of fact as to how compliant or non-compliant he was with the treatment. Thus, the Court found enough evidence in the current record to create an issue of fact which prevented the awarding of summary judgment for Dr. Myers. The Court does not find any mistake of fact in its decision.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Dr. Myers's (Doc. 150) motion to reconsider. The Court will set the case for status conference by separate order to discuss referring the case to mediation and setting a firm trial date.

**IT IS SO ORDERED.**

DATED:   August 1, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**